## In re PITT.
### Patent Appeal No. 2634.

Court of Customs and Patent Appeals.
March 2, 1931.

Henry J. Lucke, of New York City (Paul A. Blair and J. H. Kilcoyne, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner denying claims 11, 12, 13, 14, 15, 16, 17, and 18 of appellant's application for an alleged invention relating to improvements in transmissions for automobiles or other motor-driven vehicles.

Claim 13 is illustrative. It reads:

"13. Centrifugally-controlled variable-speed gearing, comprising a driving member and a driven member coaxial therewith, a gear secured to revolve with each of said members, said gears being of different diameters, a housing arranged for rotation independently of said members about the common axis thereof, planet shafts revolubly mounted in the housing in symmetrical relation to said common axis, a pair of planet gears of different diameters on each planet shaft, each of said planet gears engaging one of the gears first mentioned, and an eccentric weight secured on each planet shaft, the lines intersecting the planet axes and the centers of gravity of the respective weights being all at equal and symmetrical angles to radii intersecting said common axis and the respective planet axes, and the weights all extending radially outward at one part of each rotation of the planet shafts."

The references are: Bicknell, 60,126, December 4, 1866; Masterman, 341,491, May 11, 1886; Lombard, 741,686, October 20, 1903; Lefinski, 760,218, May 17, 1904; Coleman, 1,525,070, February 3, 1925; Burri, Fr., 603,223, January 7, 1926.

Appellant's alleged invention is sufficiently described in the quoted claim.

Each of the tribunals below held that the involved claims were unpatentable over the references of record.

The Examiner concluded an exhaustive discussion of the issues by holding that "applicant has incorporated the ideas" disclosed in the patents to Lombard and Burri "with those of Lefinski without producing a new result."

The Board of Appeals, after describing fully the mechanism disclosed by appellant and that shown in the patent to Lombard, said:

"As the retarding means for the planet gears Lombard employs braking mechanism instead of centrifugal weights as in the application. However, it is old, as disclosed in the patents to Coleman and Burri, to employ centrifugal weights mounted on planet gear shafts for the purpose of retarding movement. In Coleman these weights are illustrated in their outer position in Figure 1 and in their inner position in Figure 3. The patent explains, page 1, lines 69 et seq. that the retarding action occurs during those portions of the cycle of revolution in which the weights are moving inwardly. In Burri the same action necessarily results and a fly wheel 13 is mounted on the driven shaft which functions like appellant's fly wheel 43 to steady the driving movement.

"Claims 11, 12, 13, 15, and 16 are deemed unpatentable over Lombard, taken in connection with either Coleman or Burri. It is not seen that invention can be predicated upon the use of the old form of centrifugal retarding means shown in the latter references in lieu of the frictional retarding means disclosed in Lombard.

"Claim 14 is the same as claim 13 with the addition of a brake applicable to the driven member to facilitate shifting gears. The patents to Masterman and Lefinski disclose reversing levers connected to toggles arranged to apply brakes to fly wheels carried by the driven shafts at the time the reversing mechanism is being shifted by said levers. Claims 17 and 18 are respectively the same as claims 11 and 13 and in addition thereto include a fly wheel on the driven member. Such wheel is shown at p in Lefinski and at S in Masterman, and also at 13 in Burri. We believe the additional limitations in claims 14, 17, and 18 are insufficient to render these claims patentable over the reference relied upon in the rejection of claims 11 and 13, in view of the patents to Masterman and Lefinski."

It is argued by counsel that, although the various elements in appellant's combination are old, they are so, combined that appellant has obtained a new and useful result; that the new combination was not suggested by the references; and that, therefore, appellant is entitled to a patent.

In view of the fact that each of the tribunals below has discussed the issues at considerable length, we deem it unnecessary to say more than that we concur in the conclusion reached by them.

The decision of the Board of Appeals is affirmed.

Affirmed.